| | |
|---|---|
| STATE OF MAINE<br>LINCOLN, ss | SUPERIOR COURT<br>CIVIL ACTION<br>DOCKET NO.: CV-25-24 |

MATTHEW LONGFELLOW )
)
   Plaintiff, )
)   **COMPLAINT**
   v. )
)
ROBINSON'S WHARF INC )
)
   Defendant. )
)

NOW COMES Plaintiff, Matthew Longfellow, and hereby complains against Robinson's Wharf Inc. as follows:

1. Plaintiff, Matthew Longfellow, ("Longfellow" or "Plaintiff") is an individual residing in Boothbay, Lincoln County, Maine.

2. Robinson's Wharf ("Robinson's" or "Defendant") is a restaurant located at 20 Hendricks Hill Rd, Southport, Maine 04576.

3. Defendant Robinson's Wharf engages in interstate commerce by purchasing supplies from out-of-state, and by regularly serving customers from across the United States.

4. Mr. Longfellow is a gay man with a known sexual orientation was known by all of his coworkers and superiors at Robinson's Wharf.

5. Mr. Longfellow was employed by Defendant Robinson's Wharf in 2017.

6. Robinson's rehired Mr. Longfellow as a server on or around May 13, 2024.

7. Plaintiff consistently performed his duties in a professional manner and was never disciplined, written up, or counseled for any performance-related issues.

RECEIVED AND FILED
LINCOLN COUNTY COURTS
AUG 2 5 2025

1

**EXHIBIT A**

8. During his employment, Mr. Longfellow was subjected to a hostile work environment due to his sexual orientation, including repeated homophobic slurs, sexually suggestive comments by coworkers and management.

9. On or around May 16, 2024, Chef Joel Rissinger made a sexual suggestive remark to Longfellow while tasting a new dish, stating, "That is the second-best thing you've ever put in your mouth." Mr. Longfellow perceived the comment as inappropriate, malicious and targeted due to his known sexual orientation.

10. On May 29, 2024, Chef Rissinger further harassed Plaintiff by offering an unsolicited explanation of the slur "faggot."

11. On May 30, 2024, Plaintiff reported these incidents to Manager Rachel Leeman, who claimed she "would not tolerate such conduct" but she failed to take any remedial actions.

12. On June 4, 2024, Nicolette directed the slur "suck cock" at Plaintiff in a derogatory manner. Plaintiff reported this to Ms. Leeman, who again failed to act.

13. On June 15, 2024, bartender Alva Achorn called Plaintiff a "Cocksucker" while he was standing near the beer cooler. Ms. Leeman was present but took no action. Plaintiff confronted Achorn and asked to stop using such language.

14. On June 23, 2024, Achorn referred to the server's sweatshirt as "queer" in Plaintiff's presence. Leeman witnessed this but took no corrective actions.

15. On June 23, 2024, Plaintiff requested a meeting with Ms. Leeman and the restaurant's owner Kellie Slater to address the pervasive homophobic harassment he was suffering at the workplace.

16. On June 25, 2024, at the meeting Plaintiff detailed the discriminatory conduct of his coworkers and manager. However, instead of investigating or acting, Ms. Leeman answered

2

with hostility, making statements such as "*I do not have time for this drama,*" "*I cannot control what people say,*" "*Staff member would quit because they feel uncomfortable with his (Mr. Longfellow's) sexual orientation,*" and "*You need to go. There are other restaurants to work at.*"

17. Ms. Slater proposed a two-week resolution period despite Ms. Leeman's insistence on terminating Plaintiff immediately.

18. Plaintiff agreed to the two-week period, as it seemed a reasonable timeframe for the employer to investigate why staff members felt uncomfortable with Plaintiff's sexual orientation and to address their discriminatory conduct. The same discriminatory conduct that led Plaintiff to request the meeting.

19. Minutes after the meeting, Ms. Leeman called plaintiff and fired him, falsely accusing him of theft by claiming he was "*giving away products.*" When Plaintiff denied the allegations and requested evidence, Ms. Leeman replied, "*I'm sorry it had to end this way,*" and hung up.

20. The termination was pretextual, as no investigation occurred, and theft claim was baseless. Instead of addressing Plaintiff's multiple complaints, management failed to take corrective action.

21. Plaintiff was terminated in retaliation for engaging in a protected activity by reporting discrimination and being part of a protected class.

22. Plaintiff was subjected to a hostile work environment due to his sexual orientation, including repeated homophobic slurs, sexually suggestive comments by coworkers and termination of the employment.

23. Plaintiff filed a complaint with the Maine Human Rights Commission, which was concurrently filed with the Equal Employment Opportunity Commission, on September 10,

2024. Mr. Longfellow received a Right to Sue Letter from the Maine Human Rights Commission on May 27, 2025.

## Count I

## Title VII of Civil Rights Act of 1964

## Discrimination and Hostile Work Environment Based on Sexual Orientation

24. Plaintiff restates and realleges each and every allegation contained in Paragraphs 1-23 of this Complaint as if fully set forth herein.

25. Title VII of the Civil Rights Act of 1964 prohibits employers from discriminating against an employee respect to terms, conditions or privileges of employment because of the employee's sex, which includes sexual orientation.

26. Plaintiff Mr. Longfellow was employed by Defendant Robinson's Wharf.

27. During Plaintiff's employment, multiple Robinson's employees made homophobic slurs, sexually suggestive remarks, and demeaning statements directed to and about Plaintiff because of his sexual orientation.

28. Defendant Robinson's was aware of this discriminatory conduct and failed to take any action to stop it or prevent a hostile work environment. Instead, Defendant terminated Plaintiffs employment because of his sexual orientation.

29. Defendant discriminated against Plaintiff in violation of the Title VII of Civil Rights Act by subjecting him to a hostile work environment and terminating his employment on the basis of his sexual orientation.

30. As a direct and proximate result of Defendant's conduct, Plaintiff suffered severe emotional distress, humiliation, and mental anguish.

31. Plaintiff has also suffered economic losses and other damages due to Defendant's unlawful conduct in violation of the Title VII.

## Count II

## Maine Human Rights Act, 5 M.R.S. § 4572(1)

## Discrimination and Hostile Work Environment Based on Sexual Orientation

32. Plaintiff restates and realleges each and every allegation contained in Paragraphs 1-24 of this Complaint as if fully set forth herein.

33. The Maine Human Rights Act prohibits employers from discriminating against an employee respect to terms, conditions or privileges of employment because of the employee's sex, which includes sexual orientation.

34. Plaintiff Mr. Longfellow was employed by Defendant Robinson's.

35. During Plaintiff's employment, multiple Robinson's employees made homophobic slurs, sexually suggestive remarks, and demeaning statements directed to and about Plaintiff because of his sexual orientation.

36. Defendant Robinson's was aware of this discriminatory conduct and failed to take any action to stop it or prevent a hostile work environment. Instead, Defendant terminated Plaintiffs employment because of his sexual orientation.

37. Defendant's conduct constitutes unlawful discrimination and creation of a hostile work environment in violation of the Maine Human Rights Act.

38. As a result of Defendant's conduct, Plaintiff suffered severe emotional distress, mental anguish, and humiliation.

39. Plaintiff has suffered harm, including economic loss, as a result of Defendant's discrimination in violation of the Maine Human Rights Act.

### Count III

### Title VII of Civil Rights Act of 1964

### Retaliation

40. Plaintiff restates and realleges each and every allegation contained in Paragraphs 1-39 of this Complaint as if fully set forth herein.

41. Plaintiff was qualified for his position when Defendant fired him.

42. Plaintiff engaged in protected activity under Title VII when he reported and opposed harassment and discrimination based on his sexual orientation to his manager and the business owner.

43. Shortly after raising these concerns, Plaintiff was terminated under the false and pretextual accusation of theft, which was never investigated or substantiated.

44. Defendant stated reason for terminating Plaintiff's employment was baseless and a pretext to uncover unlawful retaliation.

45. Defendant took adverse action against Plaintiff because he engaged in protected activity under Title VII by reporting discriminatory conducts at the workplace.

46. As a direct and proximate result of Defendant's retaliatory conduct, Plaintiff has suffered financial loss, emotional distress and other compensable harm.

### Count IV

### Violation of the Main Human Rights Act

### Retaliation

47. Plaintiff restates and realleges each and every allegation contained in Paragraphs 1-46 of this Complaint as if fully set forth herein.

48. Plaintiff was qualified for his position when Defendant fired him.

49. Plaintiff engaged in protected activity under the Maine Human Rights Act when he reported and opposed discriminatory conduct in the workplace.

50. Defendant's alleged reason for terminating Plaintiff's employment was false, pretextual and retaliatory. Plaintiff was fired shortly after having a requested meeting with management to address the ongoing harassment and discrimination based on his sexual orientation.

51. As a result os Defendant's retaliatory actions, Plaintiff has suffered severe financial loss, emotional damage distress and other damages.

WHEREFORE, Plaintiff requests that this Court grant the following relief:

(a) enter judgment in his favor;

(b) award plaintiff damages for loss of wages;

(c) declare the conduct engaged in by Defendant to be in violation of Plaintiff's rights;

(d) award compensatory and punitive damages in an amount to be determined at trial and prejudgment interest thereon;

(e) award Plaintiff nominal damages;

(f) award Plaintiff prejudgment interest;

(g) award Plaintiff his full costs, including reasonable attorney's fees, expert fees and costs; and

(h) award such further relief as is deemed appropriate

PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE

Dated this 25th day of August 2025

Sally A. Morris, Bar No. 8479
Attorney at Law
Six City Center, Suite 300
Portland, ME 04101
(207) 558-6161, Ext 1001
Attorney for Plaintiff Matthew Longfellow

A True Copy Attest:
Sarah Murphy
Clerk