UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

MATTHEW LONGFELLOW,      )
      )
    Plaintiff      )
      )
    v.      )    2:25-cv-00573-LEW
      )
ROBINSON'S WHARF, INC.,      )
      )
    Defendant      )

### DISCOVERY ORDER

In this case, Plaintiff alleges that Defendant wrongfully terminated Plaintiff's employment in 2024. The parties dispute whether Defendant is entitled to obtain Plaintiff's mental health records.

In accordance with the Court's order issued following a discovery conference on the issue, the parties filed summary written argument regarding Defendant's request for the records. During the conference and in his written submission, Plaintiff represented that his claim for emotional distress damages is limited to "garden variety" emotional distress damages. Defendant contends that Plaintiff's allegations of "severe emotional distress, humiliation, and mental anguish" are inconsistent with a claim for "garden variety" emotional distress damages. Defendant also argues that Plaintiff's explanation for some of his work performance issues demonstrates that the records are relevant to issues other than damages. Defendant further contends that Plaintiff did not assert a privilege in response to the discovery requests and, therefore, Plaintiff has waived the privilege.

The Supreme Court has recognized a privilege protecting "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment. . . ." *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996). The Supreme Court noted that the privilege served important interests, including the need for patients to talk openly and freely in confidence for treatment to be successful. *Id*. at 10-11. When recognizing the privilege, the Supreme Court did not envision that a trial court would determine whether the privilege applied based on an assessment of relevance of the information requested:

> We reject the balancing component of the privilege implemented by [the Court of Appeals] and a small number of States. Making the promise of confidentiality contingent upon a trial judge's later evaluation of the relative importance of the patient's interest in privacy and the evidentiary need for disclosure would eviscerate the effectiveness of the privilege.

*Id*.

The privilege, therefore, applies to Defendant's request for Plaintiff's mental health records unless Plaintiff waived the privilege. While Plaintiff did not directly raise the psychotherapist-patient privilege in his response to the discovery requests, he did cite the confidential nature of the requested information in his objection to Defendant's requests seeking information regarding his mental health treatment. Given the important reasons for the privilege discussed by the Supreme Court in *Jaffe*, the Court is not inclined to construe Plaintiff's response to the discovery requests or Plaintiff's failure to respond timely to the discovery requests as a waiver of the privilege. The question is whether Plaintiff's claim for emotional distress damages constitutes a waiver of the privilege.

Plaintiff contends that his claim for "garden variety" emotional distress damages does not constitute a waiver of the privilege. "'Garden variety emotional damages are: the distress that any healthy, well-adjusted person would feel as a result of being so victimized. They are 'those feelings that would likely be experienced by anyone who experienced what the plaintiff alleges occurred.'" *Doe v. Brunswick School Department*, No. 2:15-cv-257-DBH, 2016 WL 8732370, at *3 (Apr. 29, 2016) (quoting *Flowers v. C.O. Owens # 1585*, 274 F.R.D. 218, 225-26 (N.D. Ill. 2011)). This District has determined that a claim for garden variety emotional distress "does not waive the psychotherapist-patient privilege." *Id.* (citing *Morrisette v. Kennebec Cty.*, No. Civ. 01-01-B-S, 2001 WL 969014, at *1 (D. Me. Aug. 21, 2001)); *see also Stark v. Hartt Transp. Sys.*, Inc., No. 2:12-cv-195-NT, 2013 WL 358266, at *9-10 (D. Me. Jan. 28, 2013).

Here, Plaintiff has unequivocally represented that his emotional distress claim is limited to "garden variety" emotional distress damages. Indeed, in his written discovery argument, Plaintiff states that "[h]e is not seeking damages for emotional distress beyond that which would likely be felt by any healthy, well-adjusted person as a result of the causes of action alleged." Consistent with the sound reasoning of prior decisions in this District, Plaintiff's claim for "garden variety" emotional distress damages does not waive the

privilege.[1]   Accordingly,   Plaintiff   is   not   required   to   produce   records   within   the

psychotherapist-patient privilege.[2]

## NOTICE

Any objections to this order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 23rd day of April, 2026.

---

[1] As the court in *Stark* noted, "[t]he psychotherapist privilege 'does not extend to information regarding the occurrence of treatment, including whether a psychotherapist treated [the privilege holder], the dates of such treatment, and the length of treatment on each date." 2013 WL 358266, at *10 n.5 (quoting *Perry v. City of New Haven*, No. 3:11 CV 1485 (RNC), 2012 WL 3887061, at *2 (D.Conn. Sept. 6, 2012)).

[2] To the extent Defendant contends that the requested information is relevant to non-damages issues, the Court is not persuaded. The Court does not understand that Plaintiff will claim that the conduct that Defendant cites as grounds for the termination of Plaintiff's employment is the product of Plaintiff's medication or of a mental health-related issue.   Further, to order disclosure on that basis would require the Court to engage in the balancing of interests the Supreme Court rejected in *Jaffe*.

4